FORT WORTH & RIO GRANDE RAILWAY COMPANY v. STELLA WILKINSON.

Decided March 28, 1908.

1.—Railroad—Wild Engine—Negligence—Opinion of Witness.

In a suit for damages for the death of a locomotive fireman caused by collision with a "wild" engine, the ruling of the trial court in permitting a witness to testify, in effect, that it was the duty of the hostler to notify somebody as soon as he discovered that the engine had gone out on the main line, if error at all, was not reversible error under the circumstances of this case.

2.—Charge—Issue—No Evidence.

Where there was nothing in the evidence to indicate that a locomotive fireman would not have been killed by collision with a "wild" engine if the engine on which he was engaged had been running at a less rate of speed, it was not error for the court to refuse a special charge submitting such issue.

3.—Death—Damages, not Excessive.

Where the deceased was sober, industrious, of splendid habits, twenty-seven years of age, strong and healthy, with a life expectancy of thirty-seven years, and earning from $75 to $100 per month, a verdict of $11,750 for his death is not excessive.

Appeal from the District Court of Tarrant County. Tried below before Hon. Mike E. Smith.

*C. H. Yoakum* and *West, Chapman & West,* for appellant.—The court erred in refusing to charge the jury as requested by this defendant as follows: "Even though you should find that the defendant's passenger train was running faster than six miles an hour, yet if you believe from the evidence that the accident would have happened if the train had been running less than six miles an hour, and that J. D. Wilkinson would have been killed, then you are instructed that defendant would not be liable on account of said rate of speed." Ry. v. McGlamory, 89 Texas, 635; Ry. v. Rogers, 91 Texas, 58; Ry. v. Ayres, 83 Texas, 268; Tel. Co. v. Andrews, 78 Texas, 305.

*McLean & Carlock,* for appellee.—The court did not err in refusing to give in charge to the jury, defendant's special charge, because: (1) Such charge was not authorized by any evidence in the case. (2) Was not applicable to any issue raised by the pleadings

in the case.   (3) Was misleading and erroneous.   (4) Because the court had correctly charged the law with reference to this matter in the main charge, and especially in paragraph No. 5 of said charge.   San Antonio & A. P. Ry. Co. v. Bowles, 88 Texas, 637.

The rule of annuities, or the effort to apply any rule of mathematical computation in arriving at or determining the verdict that should be rendered in cases of this kind, has never met the approval of the courts of Texas; but has been repeatedly condemned by our higher courts as inapplicable to the measurement of damages in cases of this kind.   Texas & Mex. Ry. v. Higgins, 44 Texas Civ. App., 524; Texas & P. Ry. v. Johnson, 20 Texas Ct. Rep., 413; Railway v. Lemberg, 75 Texas, 61; Railway v. Morrison, 93 Texas, 529; Railway v. Johnson, 24 Texas Civ. App., 183; Railway v. Lester, 75 Texas, 61; Railway v. Ransom, 15 Texas Civ. App., 693.

SPEER, ASSOCIATE JUSTICE.—Appellee sued appellant to recover damages for the death of her husband and recovered judgment in the sum of eleven thousand seven hundred and fifty dollars, from which this appeal is prosecuted.   The grounds of recovery submitted to the jury were: First, the negligence of the appellant's employes in carrying or permitting to be carried a wild engine to a place on the main line where the incoming passenger train, on which deceased was fireman, collided with it, resulting in his death; second, the failure of appellant's employes, whose business it was to look after its engines, to exercise ordinary care to discover the absence of said engine from the roundhouse tracks and its presence on the main line in time to have informed those on the incoming passenger train and to have prevented the collision; and third, the excessive rate of speed at which the passenger train was running when it came in contact with the engine.

Appellant's first assignment of error complains of the court's ruling in admitting the testimony of the witness Graves.   The question and answer follow: "Suppose that the hostler goes over to water that engine that has been left and finds it has gone out on the main line and an incoming passenger train due or passing by, what precaution would then be taken to avoid the collision?   A.   I don't — Defendant's counsel: We object to that; it is a supposititious case; no application to the facts here.   Court: Overrule the objection. Defendant's counsel: We except; what this man might do or any other man might do is absolutely an opinion.   Court: Overrule the objection.   A.   Well, he ought to notify somebody about it at once, and maybe he probably would hunt me up or probably hunt somebody up; it is hard to tell what he would do; he should notify somebody."   We are of the opinion that this ruling could not possibly call for a reversal of the case even though it is technically erroneous, since the collision was due to the presence on the main line of one of appellant's engines unattended by anyone and which could not reasonably have been at such place under such circumstances without negligence on the part of appellant, and which appellant in no way attempts to explain.   To the mind of the writer the assignment

is without merit for the further reason that the answer of the witness is so · obviously true that his testifying to it could not have done any harm. Necessarily, if òne of appellant's employes discovered such a state of affairs he ought to have notified somebody, and this is the substance of the testimony.

We do not believe the evidence called for the submission of appellant's special charge No. 1. There is nothing to indicate that appellee's husband would have been killed if the incoming passenger train had been running less than six miles an hour. Indeed, the circumstances, including the nature of the wreck, are such as to authorize the conclusion that the accident was due largely to the excessive speed of the train. It is hardly reasonable that there would have been any wreck at all if the train had been proceeding at the rate allowed by the city ordinances, that is, not exceeding six miles per hour. But if so, as suggested by counsel for appellee, a rate of speed of even less than six miles might have been negligence under the circumstances and the requested charge would have excluded such a finding.

The last assignment complains of the excessiveness of the verdict. Deceased was sober, industrious, and of splendid habits, was twenty-seven years of age, a strong, healthy young man with a life expectancy of about thirty-seven years. He was earning from seventy-five · to one hundred dollars per month at the time of his death. Under these circumstances the verdict was not excessive. Texas & Mexican Ry. Co. v. Higgins, 44 Texas Civ. App., 524; Texas & Pac. Ry. Co. v. Johnson, 48 Texas Civ. App., 135.

All assignments of error are overruled and the judgment is affirmed.

*Affirmed.*

Writ of error refused.